```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TREME COTTAGES, INC., ET AL    *          CIVIL ACTION

VERSUS                         *          NO: 07-4139

FIDELITY NATIONAL INSURANCE    *          SECTION: "D"(1)
COMPANY
```

**ORDER AND REASONS**

Before the court is the **"Motion for Summary Judgment" (Doc. No. 14)** filed by Defendant, Fidelity National Insurance Company (Fidelity), in its capacity as flood carrier, a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq*.), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2] **_No memorandum in opposition was filed_.** The motion, set for hearing on Wednesday, November 19, 2008, is before the court on Defendant's brief, without oral argument.

Now, having considered the memorandum and summary judgment evidence submitted by Defendant's counsel, the record, and the

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

applicable law, the court finds that there is no genuine issue of material fact and Defendant is entitled to Judgment as a matter of law.  Because Plaintiffs failed to submit a timely and sworn Proof of Loss (related to Hurricane Katrina flooding) and failed to submit any supporting documentation of flood related damage prior to filing this suit, Plaintiffs failed to comply with conditions precedent under its National Flood Insurance Program Standard Flood Insurance Policy, and thus, no further benefits are payable under that policy.[3]  *See* Standard Flood Insurance Policy at 44 C.F.R. Pt. 61 App. A(1), Article VII(J); *Marseille Homeowners Condominium Ass., Inc. v. Fidelity National Ins*. Co., 542 F.3d 1053 (5th cir. 2008); Wright *v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Forman v. FEMA*, 138 F.3d 543, 545-46 (5th Cir. 1998).[4]

Accordingly;

---

[3]  Plaintiffs' SFIP had building coverage limits of $145,000 with a $500 deductible, and no contents coverage.  (*See* Price Affidavit, Defendant's Ex. 1 at ¶¶ 2 & 10).

An independent adjuster inspected the subject property (located at 322-24 N. Miro, New Orleans, Louisiana) and determined that $53,718.65 (after deduction of $28,241.51 in depreciation and a $500 deductible), was payable on the claim.  (*Id*. at ¶ 10). Fidelity paid Plaintiffs $53,718.65 on February 9, 2006.  (*Id*.).   In this lawsuit, Plaintiffs claim that additional benefits should have been disbursed to them under their SFIP.

[4]  *See also* cases decided by this court: *Morris v. American Nat'l Prop. & Cas. Co.,* 2008 WL 2959564 (E.D.La. 2008)(McNamara, J.); *Henly v. Allstate Ins. Co.*, 2008 WL 89970 (E.D.La. 2008)(McNamara, J.); *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins. Co.*, 2007 WL 2363141 (E.D.La. 2007) (McNamara, J.), *affirmed* 542 F.3d 1053 (5th Cri. 2008); *Newlin  v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007) (McNamara, J.); *Airhart v. Allstate Ins. Co.*, 2007 WL 2127720 (E.D.La. 2007)(McNamara, J.).

**IT IS ORDERED** that the **"Motion for Summary Judgment" (Doc. No. 14)** filed by Defendant Fidelity National Insurance Company, be and is hereby **GRANTED**, dismissing all the claims asserted by Plaintiffs, Treme Cottages, Inc. and Joseph LeBrum, against Defendant, Fidelity National Insurance Company.

New Orleans, Louisiana, this **19th** day of **November**, **2008**.

```
              A.J. McNAMARA
       UNITED STATES DISTRICT JUDGE
```

3